**SUNSET TELEPHONE & TELEGRAPH CO. v. CITY OF MEDFORD et al.**

(Circuit Court, D. Oregon. May 6, 1902.)

No. 2,714.

**1. LICENSES—FEES—TAXATION.**

An ordinance providing that a telephone company shall not occupy streets without paying an annual license of $100 is a revenue provision (the fee being manifestly substantially in excess of enough to defray expense of issuing license and maintaining the regulation), and not authorized by a charter provision that the council may license telephone companies using the streets, and fix the compensation they shall annually pay for such license.

**2. TELEPHONE COMPANIES—USE OF STREETS—NEW CONDITIONS.**

Where a telephone company has the right to use the streets of a city by permission of its officers, the city cannot, after the company has accepted the grant and established its plant, add a new condition,—that it pay for the use of the streets.

E. S. Pillsbury and F. R. Strong, for complainant.
E. B. Watson, for defendants.

BELLINGER, District Judge. This is a suit to enjoin the city of Medford from removing the poles and wires of the complainant from the streets of that city, under an ordinance imposing a license upon the company of $100 per annum, and requiring it to sign an

agreement not to charge its customers in Medford more than $1.50 per month for its service.

Section 102 of the act of the legislature incorporating the city of Medford provides that:

"The city council shall have power to license, regulate or prohibit telegraph and telephone companies using the roads, streets or alleys of the city and road district, and to fix the compensation which such companies shall annually pay to the city for such license or privilege. But no license shall grant an exclusive right to any such company."

The ordinance complained of provides that no person shall engage in the telephone business, or place in or occupy any of the streets with its poles and wires, without paying, for an annual license so to do, the sum of $100, and, when this sum is paid, the city recorder shall issue a license to the person, authorizing and permitting said person or company to engage in the telephone business within said city for the period of one year; that the person or company paying said license fee, during the year for which they have paid such license, shall have a right to occupy the streets and alleys with his or its poles and wires, etc. This is a revenue provision, and is not within the authority conferred upon the city by its charter. "The power to license, as a means of regulating a business, implies the power to charge a fee therefor sufficient to defray the expense of issuing the license, and to compensate the city for any expense incurred in maintaining such regulation. Whenever it is manifest that the fee for the license is substantially in excess of what it should be, it will be considered a tax, and the ordinance imposing it void." Laundry License Case (D. C.) 22 Fed. 701. If the city has authority, under section 102 of the charter, to fix the compensation which shall be annually paid for such license or privilege to use the roads and streets of the city, then the city might have required the payment of the sum fixed by the ordinance for such use. But it did not do this. From the averments of the bill, it appears that the complainant has the right to use the streets of the city, by permission of its lawfully appointed officers. If so, the city cannot add new conditions to the grant after the company has accepted it and established its plant. If by the power to fix compensation is meant the compensation that the city is to receive for the license regulation, the case is within the rule of the Laundry License Case (D. C.) 22 Fed. 701, and the compensation to be fixed must not go beyond the expense of issuing the license and maintaining the license regulation. In short, the city cannot add to the conditions upon which the right to use the streets was granted to the complainant, and, while it may exact compensation for the cense, it cannot, under the power given in its charter, make such compensation a matter of revenue.

The ordinance further provides that no person or company desiring to operate any telephone line within the limits of said city shall receive a license so to do until it files its written agreement with the city recorder not to charge, either directly or indirectly, any greater sum than $1.50 per month to any resident of said city for service and use of a telephone. This provision of the ordinance

is not insisted upon by the defendants. Its invalidity is conceded, and it is therefore not necessary to consider it.

The demurrer to the bill of complaint is overruled.